# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Jerry Tatum,<br><br>          Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-15-00711-PHX-DJH (BSB)<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

On September 28, 2015, Petitioner, proceeding pro se, filed an Amended Petition for Writ of Habeas Corpus seeking relief from his sentence of life without parole under *Miller v. Alabama*, ___U.S. ___, 132 S. Ct. 2455 (2012). (Doc. 11.) On November 2, 2015, the Court stayed the proceeding pending the resolution of Petitioner's petition for review in *Arizona v. Tatum*, CR-15-0078-PR, in the Arizona Supreme Court. (Doc. 17 (stating that the Court stayed the matter "in its discretion.").) On February 1, 2016, Respondents notified the Court that the Arizona Supreme Court had denied review. (Doc. 19.) Based on that notice, on February 3, 2016, the Court lifted the stay and ordered Respondents to file an answer within forty days of the date of that order. (Doc. 20 at 2-3.)

Thereafter, the Court appointed counsel to represent Petitioner. (Doc. 22.) On March 14, 2016, Petitioner filed a motion to stay this proceeding and hold the amended petition in abeyance while he seeks further review based on the Supreme Court's decision in *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718 (2016), which addressed the

*Miller* case. Petitioner explains that the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court is still open. *See* Sup. Ct. R. 13. He argues that the United States Supreme Court could order the Arizona courts to reconsider Petitioner's challenge to his life sentence without parole based on its recent decision in *Montgomery*. Petitioner states that Respondents do not oppose a stay. (Doc. 22 at 4.)

After consideration of this matter, the Court recommends that the proceeding be stayed. This recommendation is based on the procedural history of this case, which included a stay of the proceeding while a petition for review was pending in the Arizona Supreme Court. The Arizona Supreme Court denied review on January 5, 2016. (Doc. 19.) Therefore, the ninety-day period of time to petition the United States Supreme Court for a writ of certiorari has not expired. Thus, the recommended stay of the proceedings at this point is essentially a continuation of the stay that the Court granted on November 2, 2015.[1]

Petitioner also requests that the Court authorize counsel in this case to assist Petitioner in ancillary post-conviction proceedings. Under the Criminal Justice Act, once counsel is appointed for an indigent state prisoner, that prisoner "shall be represented at every stage of the proceeding . . .,including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). The Court finds that it is appropriate for counsel in this case to assist Petitioner in ancillary post-conviction proceedings, including filing a petition for writ of certiorari in the United States Supreme Court, and if ordered by the Supreme Court, in further state proceedings related to Petitioner's claims in the amended petition.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's motion to stay (Doc. 25) be **GRANTED** for the reasons set forth in this Report and Recommendation and that this matter be stayed while a petition for certiorari in connection with *Arizona v. Tatum*, CR-

---

[1] Therefore, the Court does not need to determine whether a stay is appropriate under *Rhines v. Weber*, 544 U.S. 269 (2005), and the Report and Recommendation should not be construed as making such a determination.

15-0078-PR (Ariz.), is pending. If the United States Supreme Court grants the petition and remands the case to the Arizona Supreme Court for further consideration in light of *Montgomery*, the stay shall remain place until state post-conviction proceedings on remand have concluded. Petitioner's counsel shall notify this Court when the petition for writ of certiorari is filed, and when the Supreme Court takes action on the petition. If the Supreme Court remands the case for further proceedings, Petitioner's counsel shall notify the Court of the status of the state court proceedings every ninety days. If Petitioner's counsel does not file a petition for writ of certiorari with the United States Supreme Court, she must immediately notify the Court upon the expiration of the deadline for doing so.

**IT IS FUTHER RECOMMENDED** that Criminal Justice Act panel attorney Sarah Stone be authorized to represent Petitioner in connection with those proceedings under 18 U.S.C. § 3006A(c).

**IT IS ORDERED** that the deadline for Respondents to file an answer to the amended petition is stayed pending a ruling on this Report and Recommendation.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 21st day of March, 2016.

_____
Bridget S. Bade
United States Magistrate Judge