**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Jerry Tatum,<br><br>   Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>   Respondents. | No. CV-15-00711-PHX-DJH<br><br>**ORDER** |

  Pending before the Court is Petitioner Bobby Jerry Tatum's Motion to Reopen Proceedings Under Rule 60(b) (Doc. 47) ("the Motion"). Respondents have filed a Response (Doc. 48). Petitioner has not filed a Reply and the time to do so has expired. LRCiv 7.2(d). The Court will grant the Motion.

**I. Background**

  Proceeding *pro se*, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 28, 2015, in which he sought relief from his sentence of life without parole under *Miller v. Alabama*, 567 U.S. 460 (2012). (Doc. 11). These proceedings were stayed on November 2, 2015, to allow for exhaustion of Petitioner's state court post-conviction review proceedings. (Doc. 17). That stay was temporarily lifted after receiving notice that the Arizona Supreme Court had denied review of Petitioner's state petition; it was reinstated pending Petitioner's certiorari proceedings in the United States Supreme Court. (Docs. 20; 28). On December 2, 2016, the United States Supreme Court granted relief, vacated, and remanded Petitioner's case back to state

court for further proceedings in light of *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Although the Arizona Court of Appeals ordered the parties to file supplemental briefing describing how *Montgomery* and a recently decided Arizona case, *State v. Valencia*, 386 P.3d 392 (Ariz. 2016), affected Petitioner's claim, the state ultimately waived its right to do so and conceded that the United States Supreme Court's opinion remanding Petitioner's case required the Arizona Court of Appeals to grant post-conviction relief and remand to the trial court for resentencing (the "stipulation"). The Arizona Court of Appeals accepted the concession and remanded Petitioner's case to the trial court, where it was set for resentencing.

As a result of these developments and believing "any constitutional infirmity in Mr. Tatum's sentence has been cured," Petitioner moved to voluntarily dismiss his federal habeas Petition. (Doc. 36 at 5). The Court granted the request, and his federal habeas case was dismissed, as moot, on March 29, 2018. (Docs. 38, 39).

In his Motion to Reopen, Petitioner states that while awaiting resentencing, the state moved to withdraw from the stipulation presented to the Arizona Court of Appeals based on the United States Supreme Court's decision in *Jones v. Mississippi*, 141 S. Ct. 1307 (2021). (Doc. 47 at 4). The trial court granted the state's motion on January 25, 2022, and as such, Petitioner's resentencing did not occur. (*Id.*) Petitioner says these circumstances justify reopening his federal habeas proceedings.

**II.     Discussion**

Under Federal Rule of Civil Procedure 60(b), a Court may, on "motion and just terms," relieve a party from final judgment under certain circumstances, including, newly discovered evidence, fraud by the opposing party, or a mistake committed by the court—and a sixth, catch-all category, that allows a court to reconsider a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6).

Petitioner first argues there is cause to reopen the case under Rule 60(b)(3) because the state made a fraudulent representation that it would resentence Petitioner, and in reliance on that statement, Petitioner voluntarily dismissed his habeas proceedings.

Alternatively, Petitioner argues that reopening is proper under Rule 60(b)(6), the Rule's catch-all provision, because doing so is in the interests of justice. (Doc. 47). Respondents disagree there is a basis for the Court to reopen the case under Rule 60(b)(3). They point out that "the State moved to withdraw from the stipulation based on the Supreme Court's subsequent decision in *Jones*, which clarified the Court's previous decisions in *Miller* and *Montgomery*, and the state court granted the State's motion based on that change in law." (Doc. 48 at 6). Respondents nevertheless agree that there is cause to reopen the case under Rule 60(b)(3). (Doc. 48). They concede that Petitioner has satisfied the "reasonable time" filing requirement of Rule 60(b)(6), and that extraordinary circumstances justify reopening the judgment. (Doc. 48 at 5). Respondents state "[t]here is no question that Tatum voluntarily moved to dismiss his petition because of the resentencing stipulation." (*Id.*)

### A.  Rule 60(b)(3) — Misrepresentation

At this juncture, the Court rejects the premise that reopening is warranted because the state misrepresented that it would resentence Petitioner. A party seeking relief from a judgment under Rule 60(b)(3) must prove "fraud, misrepresentation, or other misconduct" by clear and convincing evidence. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). At the heart of Petitioner's argument is a dispute of applicable law on whether Petitioner is constitutionally required to be resentenced. Such disagreements do not constitute fraud. Indeed, "[i]f every dispute of fact or law constituted fraud, then 'nearly every action would be vulnerable to re-litigation under Rule 60(b)(3).'" *Zagorsky-Beaudoin v. Rhino Entertainment Co.*, 2019 WL 5960084, at *2 (D. Ariz. Nov. 12, 2019) (citing *Scott v. Donahoe*, 2015 WL 546020, at *5 (C.D. Cal. Feb. 10, 2015)).

### B.  Rule 60(b)(6) — Extraordinary Circumstances

The Court nevertheless agrees with the parties that there is cause to reopen this case under Rule 60(b)(6). Rule 60(b)(6) grants federal courts broad authority to relieve a party of a final judgment. A party seeking relief under Rule 60(b)(6) must do so "within a reasonable time," and must demonstrate "extraordinary circumstances" justifying reopening the judgment. *See* Fed. R. Civ. P. 60(c)(1); *Pioneer Inv. Servs. Co. v. Brunswick*

*Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993); *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020).[1] Extraordinary circumstances occur where there are "other compelling reasons" for opening the judgment. *Klapprott*, 335 U.S. at 613.

Petitioner's Motion is timely under the Rule. Petitioner alerted the Court of his need to reopen the matter when he asked to be appointed counsel to prepare the filing and represent him when and if the proceedings were reopened. (*See* Doc. 40). On February 28, 2022, the Court ultimately granted Petitioner's request for appointed counsel, and directed him to file any motion to reopen within 28 days. (Doc. 43). Petitioner subsequently asked for a short extension of time to file the motion (Doc. 45), which the Court granted for good cause (Doc. 46). The Motion to Reopen, filed on April 11, 2022, is therefore timely.

Moreover, as Respondents concede, extraordinary circumstances justify reopening these proceedings. The sole reason judgment was entered in this matter was because Petitioner reasonably understood that the state had agreed to his resentencing, which was the relief he was seeking in his Amended Petition. Now that those conditions no longer exist, Petitioner's habeas case should proceed. The rare conditions under which relief may be granted under Rule 60(b)(6) are satisfied here.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Reopen Proceedings Under Rule 60(b) (Doc. 47) is **granted**. The Clerk of Court is kindly directed to reopen this matter under Fed. R. Civ. P. 60(b)(6).

…

…

…

…

---

[1] Typically, a motion brought under Rule 60(b)(6) may also not be "premised on another ground delineated in the Rule." *Bynoe*, 966 F.3d at 979. The Court has rejected Petitioner's first premise—that these proceedings should be reopened due to misrepresentation—and thus finds that Rule 60(b)(6) may be applied. *Klapprott v. United States*, 335 U.S. 601, 613 (1949).

**IT IS FURTHERED ORDERED** that Respondents shall filed their answer to the Amended Petition for Writ of Habeas Corpus (Doc. 11) within forty days from the date of this Order. Petitioner may file a reply to Respondents' answer within thirty days from the date of service of the answer.

Dated this 10th day of May, 2022.

Honorable Diane J. Humetewa
United States District Judge